UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10604
Summary Calendar
_____

DANIEL OCHOA-FLORES,

Petitioner-Appellant,

versus

JOHN M. TOMBONE,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:97-CV-551-T)
_____

May 13, 1998

Before JONES, SMITH, and STEWART, Circuit Judges.

PER CURIAM:[*]

Daniel Ochoa-Flores, a federal prisoner (#27286-077), appeals the summary dismissal of his 28 U.S.C. § 2241 petition for writ of habeas corpus. In the petition, he contended that he was entitled to early release pursuant to 18 U.S.C. § 3621(e)(2)(B) because he had completed a Bureau of Prisons ("BOP") drug-abuse treatment program.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Ochoa-Flores contends that the BOP violated his ex post facto rights because it retroactively applied a regulation, 28 C.F.R. § 550.58, which excluded INS detainees from early-release consideration. He also argues for the first time on appeal that the BOP violated his due process rights by frustrating his "settled expectations" regarding early release. This court declines to review those claims. See United States v. Rocha, 109 F.3d 225, 229 (5th Cir. 1997) (declining to address claims raised for the first time on appeal in 28 U.S.C. § 2255 action). Even if we reviewed them for plain error, we would decline to grant relief because no manifest miscarriages of justice has been shown. United States v. Olano, 507 U.S. 725 (1993).

Ochoa-Flores also contends that the government should be equitably estopped from excluding him from early release, because he relied on his detriment on BOP promises in attending the drug-abuse treatment sessions. he has shown neither that government officials engaged in affirmative misconduct in withholding early-release eligibility from him nor that he was substantially injured as a result of attending the treatment program. See Taylor v. U.S. Treasury Dep't, 127 F.3d 470, 474 (5th Cir. 1997). The claim is meritless.

AFFIRMED.